Barbour, Ch. J. (dissenting).
This is an appeal by the plaintiff from a judgment rendered upon a second trial of the action which was directed by the General Term on a former appeal, in June, 1869 (see 1 Sweeny JR. 318). The findings and conclusions of the referee upon the second trial were as follows :
" I do find as matter of fact, that on the 7th day of May, 1862, the firm of Bullwinkle & Merrill of this city, held the promissory note of the defendant made to the order of said firm for five hundred dollars, which fell due on that day and was deposited in the bank of said firm for collection, that this note had been made by the defendant without consideration, and solely for the accommodation of Wm. H. Merrill, one of the members of said firm, that Merrill individually received from his said firm the sum of five hundred dollars, upon the security of said note, that on said 7th day of May, 1862, *56 the said Bnllwinkle gave his partner Merrill the check of the firm for five hundred dollars, drawn to the order of the defendant, and signed "by said Bnllwinkle with the firm name, to take up said note, that this check Merrill handed to the defendant, who paid the note made "by him to the firm. That defendant received, said check in good faith, and not as a loan from said firm, but as a performance of Merrill’s individual obligation to provide for the note at maturity.
“ And I do further find that at the time of the making of the said check, the said Merrill, although nominally a member of said firm of Bnllwinkle & Merrill, actually had no interest therein, the whole of the assets of said firm belonging to Bnllwinkle, who alone was liable for all the obligations of the firm.
“ And I do further find that the plaintiff is the lawful owner by assignment of the claim against the defendant in this suit.
“ And I do find as matter of law, that there is nothing due and owing by the defendant to the plaintiff, and that the plaintiff’s complaint should be dismissed with costs.”
On the argument of this appeal, an admission or statement was also made to the court by the counsel for the respondent, in his brief or points, as follows: “It seems to the defendant’s counsel that the evidence shows pretty clearly that Bull winkle did not assent to the disposition which Merrill made of the check. Bnllwinkle gave the check to Merrill with the understanding that it should be loaned to the defendant to enable him to take up the note, and upon condition that the defendant should give a "new note in renewal. Merrill diverted the check from the purpose for which it was intended by his partner, and used it for the payment of his own debt. These seem to be the facts (very different from what is assumed in the opinion of the learned referee).” And the sole point made by the counsel for the defend *57 ant (if that can "be called a point which states no proposition of law or fact, "but merely asks a question), is contained in the words following:
“The only question here presented is, can money so paid be recovered back in face of the additional testimony that the check was signed by Bullwinkle himself, and not'by Merrill, and that the defendant received it not as a loan to enable him to take up his note, but in performance of his, Merrill’s, own individual obligation to meet the note at maturity, and in entire ignorance of the understanding between Merrill .and his partner in regard to its disposition? ”
The admission before the court on the part of the plaintiff that Bullwinkle gave the check to Merrill to loan to the defendant upon condition that the latter should give a new note in renewal, and that Bullwinkle did not assent to the disposition which Merrill made of the note, is of the highest importance, inasmuch as it fully establishes a very material fact which the referee might well have found upon the evidence, but which he had failed, through inadvertence or otherwise, to find.
In the case of Geery v. Cockroft (33 Supr. Ct. 146), it was held by the General Term of this court that where goods belonging to a mercantile firm had been delivered by one of the partners, in payment of his individual indebtedness to the defendant, without the consent of the other partners, and without any knowledge on the part of the defendant that the goods belonged to the firm, no title whatever passed by such delivery, and that the firm were, consequently, entitled to recover from the defendant the value of the goods ; and the opinion of Mr. Justice Stoby in Rogers v. Bachellor (12 Peters, 229) is to the same effect.
In this case it is clear that Merrill was, as between himself and the defendant, primarily bound to pay the note; and although the same was held by a firm of which he was himself nominally a member, yet he was in *58 debted thereupon to the extent of the real ownership and interest therein of Bullwinkle. The delivery of the check, therefore, and the moneys or credits belonging to the nominal firm against which the same was drawn, to the defendant by Merrill, for the purpose of paying the note was an attempted appropriation of partnership property to the payment of the individual indebtedness of Merrill alone ; and as the assent of Bullwinkle was not given to such appropriation, no title to the check or the money drawn .thereon passed to the defendant by such delivery ; and it follows that the plaintiffs, as assignees of the firm of Bullwinkle & Merrill are entitled to a judgment.
The judgment should be reversed and a new trial granted, with costs to abide the event.